276 A.2d 280.

LEONARD KALINA *et al. vs.* DOROTHEA L. CLARRY.

APRIL 16, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   This is a civil action to recover the sum of $1,000 paid as a deposit in conjunction with an offer of $4,000 to purchase a parcel of real estate together with a cottage located thereon.   The seller, alleging a binding agreement, counterclaimed for the balance due on account thereof.   The buyers' motion for summary judgment for restitution of the $1,000 deposit was granted by a Superior Court justice and in addition exemplary damages of $350 were assessed.   The seller has appealed.

The motion for summary judgment is supported by the buyers' affidavit.   The seller, however, has not come forward with any materials by affidavit or otherwise, save for her answer to interrogatories, to show either that there is a genuine issue as to any material fact or to support her own counterclaim.   In this court, where she is represented by counsel from the Rhode Island Legal Services Inc.,[1] she attempts to justify her failure to present any matter tending even remotely to bolster her position with the argument that her retained counsel was permitted by leave of the Superior Court to withdraw in the early stages of this proceeding, that at least in part because of her poor financial circumstances her subsequent attempts to obtain

---

[1] Rhode Island Legal Services Inc. is a corporation created by a special act of the General Assembly (1969 R. I. Acts & Resolves at 1425) "* * * for the purposes of rendering legal aid and assistance to persons from the entire state of Rhode Island without means to maintain their legal rights * * *." It employs attorneys, has offices in various parts of the state and is federally funded pursuant to 42 U.S.C.A. §2701, title 2 et seq., P. L. 88-452, title 2, sec. 202; August 20, 1964, 78 Stat. 516.

other counsel were unsuccessful, and that without the assistance of a lawyer she was incapable of understanding legal procedures and of appreciating the necessity of meeting head on the assertions in the buyers' affidavit. Accordingly, she concludes that the drastic remedy of summary judgment should not have been granted against her.

In urging these contentions the seller apparently is attempting to bring herself within the ambit of Super. R. Civ. P. 56(f) which would have required the Superior Court to provide her with protection against summary judgment if in affidavit form she had set forth good reasons for her failure to present affidavits setting forth facts justifying her opposition to the motion. Apart from her failure to comply with the provisions of the rule which requires that the reasons for her difficulties should have been set forth in an affidavit, the arguments she now offers at this level are not such as would require us to say that the trial justice abused his discretion by refusing to deny the buyers' motion or to grant a continuance in order to permit the seller to obtain affidavits in opposition.

An examination of the travel of the motion for summary judgment makes that clear. It was first assigned for hearing on the same day as was the motion for leave to withdraw filed by the counsel whom she had retained to represent her. Counsel's motion was predicated upon his statement that a personality conflict had developed between him and his client. Because the seller, although previously notified of the motion to withdraw, was not present in court, both motions were continued and her counsel was directed to notify her of the new date which was then set for hearing on both motions. No contention is now made that such notice was not given. When the motions again were reached counsel was granted leave to withdraw and the motion for summary judgment was again continued. Thereafter it was reached for hearing before two separate

trial justices in the Superior Court on no less than five different hearing dates spanning a period of almost five months and in each instance was continued either because the seller was not present in court when the motion was called, or, if present, was then without counsel. When present she was advised to obtain counsel and on at least two of the hearing dates was told that a summary judgment would be entered against her unless a satisfactory affidavit in opposition to the motion was filed on her behalf. Finally on June 3, 1969, the case was called before a trial justice who was completely familiar with its travel, the matter having twice before appeared on his calendar. Once again the seller appeared without counsel. Upon being advised that the Rhode Island Legal Services Inc.[2] had refused to represent her because her ownership of real estate made her ineligible to receive its assistance, the trial justice stated that he could no longer delay the buyers and he granted their motion for summary judgment.

In the circumstances it seems to us that the trial justice did not abuse his discretion in refusing to provide the seller with the kind of relief Rule 56(f) authorizes for a litigant who evidences a legitimate basis for an inability to present by affidavit facts essential to justify opposition to summary judgment. A reading of the record makes it obvious that the seller was not in the posture of an unwary litigant who had been taken into the toils of the summary judgment procedure. She had been afforded ample opportunity to present her position and the refusal of the Rhode Island Legal Services Inc. to represent her, as well as her employment of counsel in the early stages of these proceedings, makes it difficult for us to believe that she was so poverty-stricken that she could not have

[2]The application for assistance at this stage of these proceedings was addressed to a different branch of Rhode Island Legal Services Inc. than the one which is prosecuting seller's appeal in this court. See n.1.

engaged an attorney for the limited purpose of preparing a counter-affidavit.

There remains the question of whether the buyers were legally entitled to summary judgment and for the essential facts we look to their affidavit and to the seller's answers to their interrogatories. They disclose that the seller advertised in a Cleveland, Ohio newspaper that she had improved lake-front property for sale. The buyers, residents of Ohio, inquired of her concerning the advertisement, and on June 1, 1967 she wrote them offering to sell for $4,995 a 75-acre tract of lakeside property in Canada together with a cottage located thereon which she described as being in excellent condition. Enclosed in her letter were photographs of the lake and of the cottage. The buyers, relying on the photographs as a true representation of what was for sale, on June 9, 1967, made a written offer to purchase the property for $4,000 and included a deposit of $1,000 in their communication. On June 12, 1967, the seller answered saying in substance that the cottage pictured in the photograph previously sent was not owned by her and enclosing a photograph of another cottage which she represented as hers. Upon receipt of this advice the buyers wrote the seller on June 15, 1967 advising her to hold their offer "in abeyance" pending an on-the-site examination of the property. This letter was followed by another dated June 28, 1967 revoking the offer to purchase and demanding a return of the $1,000 deposit. While the buyers' affidavit does not indicate whether the seller ever accepted their offer, the seller in her answers to the interrogatories says that she did, but she is uncertain as to the date of that acceptance and whether or not it was in writing. In any event, she did not return the deposit and this litigation followed.

The foregoing recital of the essential facts is in no way controverted. Even when viewed in the light most favor-

able to the seller those facts fail to disclose any basis upon which it can be said that the buyers are not clearly entitled to judgment as a matter of law. The seller induced them to enter into a contract, if indeed there was a contract either in fact or in law, by means of a material, although perhaps innocent, misrepresentation that the cottage located on the tract of land on which she was soliciting offers was that shown in the photograph sent to them on June 1, 1967. When the buyers learned after making their offer that the cottage shown on that photograph was not the seller's, they demanded and were entitled to have their deposit returned. To deny them that right would be unjust and inequitable for it would permit the seller to retain the avails of a bargain induced by her own materially false representation. This is not permitted. *Halpert* v. *Rosenthal*, 107 R. I. 406, 267 A.2d 730. It was, therefore, not error to enter summary judgment for a return of the deposit.

The trial justice erred, however, in ordering judgment of $350 for exemplary damages. Exemplary damages are those in excess of one's entitlement for harm actually suffered and are assessed to punish a wrongdoer. Generally they are not countenanced in contractual actions; 11 Williston, *Contracts* §1340 at 210-11 (3d ed. Jaeger); 5 Corbin, *Contracts* §1077 at 437-39; Restatement of Contracts §342. Moreover the record here fails to disclose that the seller acted maliciously or wantonly, and such a showing, even in those tort actions where exemplary damages are allowed, is a prerequisite to an award of punitive damages. *Worthington* v. *Shewcov*, 89 R. I. 169, 174, 152 A.2d 91, 93.

So much of the appeal as relates to the judgment of $1,000 together with statutory interest and costs is denied and dismissed and that part of the judgment is affirmed; and so much of the appeal as relates to the judgment of

$350 for exemplary damages is sustained and that part of the judgment is reversed.

*Robert E. Liguori,* for plaintiffs-appellees.

*V. Paul McGinn,* Rhode Island Legal Services, Inc., for defendant-appellant.